UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEETEX LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ZEETEX, LLC, et al.,<br><br>        Defendants. | Case No. 20-cv-07092-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 74 |

Now before the Court for consideration is the motion for attorneys' fees filed by Defendants Zeetex, LLC and Ziajie Zhu (collectively, "Zhu Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS, IN PART, and DENIES, IN PART, the Zhu Defendants' motion.

**BACKGROUND**

Plaintiff Teetex, LLC ("Teetex") sued Defendants for trademark infringement, alleging that the Zeetex mark was confusingly similar to the Teetex mark and led to actual confusion. On April 22, 2022, the Court granted summary judgment in favor of the Zhu Defendants. (Dkt. No. 72.) The Zhu Defendants now move for an award of attorneys' fees under the Lanham Act, 15 U.S.C. section 1117(a). The Zhu Defendants also seek an award of fees under the Defend Trade Secrets Act, 18 U.S.C. section 1836(b) ("DTSA") and California Uniform Trade Secrets Act, Cal. Civ. Code section 3426.4 ("CUTSA"). It also requests the Court sanction Teetex for pursuing bad faith litigation under the Court's inherent authority.

On October 13, 2020, Teetex filed this case against Zhu and Zeetex alleging that Zhu

breached his fiduciary duties to protect confidential information. (Dkt. No. 1.) The complaint was based on the theory that Zhu was a "nominal" member of Teetex, despite the fact that the Court previously rejected this theory in an earlier-filed case involving the same parties, *Zhu v. Li et al.*, case number 4:19-cv-2534-JSW ("Related Case").[1] (*See* Related Case, Dkt. No. 28.) Teetex also asserted a claim for trademark infringement, asserting that the Zeetex mark was confusingly similar to the Teetex mark and caused Teetex's customers to confuse Teetex with Zeetex.

The Zhu Defendants moved to dismiss the complaint on the basis that Zhu was not a fiduciary, any trade secrets were in the public domain and in any event that claim was time-barred, and that the trademark infringement claim failed to state a claim. (Dkt. No. 20.) Teetex was granted a continuance to oppose the motion. (Dkt. No. 23.) However, Teetex did not file an opposition and instead amended the complaint to eliminate the fiduciary duty claim. (*See* Dkt. No. 24.) The amended complaint continued to allege trademark infringement and trade secret misappropriation.

The Zhu Defendants moved to dismiss the amended complaint. (Dkt. No. 25). The Court dismissed the trade secret claims as time-barred, but it denied the motion as to the trademark infringement claim because it could not conclude at the pleading stage that there was no plausible claim for trademark infringement. (Dkt. No. 39.)

Following the Court's order on the motion to dismiss, the Court entered a scheduling order, which set February 11, 2022, as the close of fact discovery. (Dkt. No. 46.) On February 7, 2022, just before discovery was set to close, Teetex filed a motion requesting the Court modify the pre-trial scheduling order because it needed more time to complete discovery. (Dkt. No. 61.) The Court denied Teetex's request finding that Teetex had not diligently prepared and prepared discovery and failed to show good cause to modify the scheduling order. (Dkt. No. 63.)

The Zhu Defendants moved for summary judgment arguing that Teetex had no evidence to

---

[1] In the Related Cases, Zhu alleges that Defendants Dong Chen and Jing Li misled him regarding the profitability of Teetex causing him to sell his interest in Teetex at a lower price than he would have had he known the true value of Teetex. Defendants in the Related Case unsuccessfully moved to dismiss and moved for judgment on the pleadings. The case is scheduled for trial this October.

2

1    support its infringement contention. (Dkt. No. 67.) In its opposition to the Zhu Defendants'
2    motion, Teetex conceded that it had no evidence of actual customer confusion. (*See* Dkt. No. 68.)
3    Teetex also did not provide evidence of lost profits and did not designate any experts. The Court
4    granted the Zhu Defendants' motion for summary judgment and entered judgment in their favor.
5    (*See* Dkt. Nos. 72, 73.)

6    The Zhu Defendants filed the instant motion for attorneys' fees on May 27, 2022. The
7    Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.     The Zhu Defendants are Entitled to Attorneys' Fees Under Section 1117(a).**

Under the Lanham Act, "[t]he court in exceptional cases may award a reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*; *SunEarth, Inc v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) ("[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional."). In exercising its discretion, the court may consider a nonexclusive list of factors including "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n. 6 (quotation marks and citation omitted). Under this test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. at 555. Courts apply a "preponderance of evidence" standard to the exceptional case determination. *Id.* at 557-58.

With regard to the substantive strength of a party's litigation position, courts in this district tend to award fees when a plaintiff persists with a clearly untenable claim or adduces no evidence

3

in support of its position. *Pop Top Corp. v. Rakuten Kobo, Inc.*, No. 20-cv-04482-DMR, 2022 WL 267407, at *4 (N.D. Cal. Jan. 28, 2022) (citing *Location Based Servs., LLC v. Niantic, Inc.*, No. 17-cv-04413 NC, 2018 WL 7569160, at *1 (N.D. Cal. Feb. 16, 2018)). Courts awarding attorneys' fees due to the losing party's unreasonable manner of litigation generally have pointed to egregious behavior. *Pop Top Corp.*, 2022 WL 267407, at *6 (citing *Vasudevan Software Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015). "Egregious behavior" supporting an award for litigation misconduct "generally involves unethical or unprofessional conduct by a party or his attorneys during the course of adjudicative proceedings." *Pac. Coast Bldg. Prod., Inc. v. CertainTeed Cypsum, Inc.*, No. 18-cv-000346-LHK, 2021 WL 75755, at *4 (N.D. Cal. Jan. 7, 2021). The failure to pursue discovery is treated as pertinent to examining the substantive strength of the claim and not to whether a party litigated the case in an "objectively unreasonable manner." *Pop Top Corp.*, 2022 WL 267407, at *6 (collecting cases).

There is no dispute that the Zhu Defendants are the prevailing party. The Zhu Defendants argue this case is exceptional because Teetex pursued its trademark infringement claim even though it knew the allegations of customer confusion lacked factual support and adduced no evidence in support of the claim. The Zhu Defendants also claim that Teetex evaded its discovery obligations to draw out the litigation. The Court agrees that an examination of the substantive strength of Teetex's litigation position supports an award of attorneys' fees for its infringement claim.

Teetex alleged that the similarities between the Zeetex and Teetex mark caused confusion among Teetex's customers. (*See, e.g.*, SAC ¶ 44.) In its initial disclosures exchanged on July 6, 2021, Teetex listed undisclosed employees from twenty-one companies that it claimed would support the allegation of customer confusion. Despite this representation, the record shows Teetex had no evidence of customer confusion and made no effort to adduce evidence of any such confusion. The Zhu Defendants served Teetex with discovery beginning in September 2021 and sought, among other things, the identities of Teetex's confused customers. Teetex did not provide a substantive response to the Zhu Defendants' request until January 2022, one month before

discovery was set to disclose. In its response, Teetex identified just two individuals who it claimed were confused because of the similarities between the Teetex and Zeetex marks. However, at summary judgment, the Zhu Defendants presented unrebutted evidence that neither individual was a confused. Teetex conceded at summary judgment that there was no evidence of actual confusion.

In opposition to the Zhu Defendants' motion for attorneys' fees, Teetex attempts to salvage the lack of evidence supporting confusion through a declaration from Dong "Tony" Chen, in which Chen attests he spoke with the allegedly confused Teetex customers about their purported confusion in 2018. (Dkt. No. 75-1, Declaration of Dong "Tony" Chen, ¶¶ 3-4.) This declaration does not improve the substantive strength of Teetex's position. First, Teetex conceded on summary judgment that it had no evidence of customer confusion. Its belated attempt to argue otherwise to avoid fees is not well-taken. Second, the declaration underscores the contradictory positions Teetex took throughout this litigation. Mr. Chen attests he spoke with the allegedly confused customers in 2018. (*Id*. ¶ 3-4.) If that is the case, then Teetex impermissibly delayed in accurately disclosing the identities of the confused customers in response to the Zhu Defendants' discovery requests.

Teetex also did not diligently pursue discovery and adduced no evidence to support the trademark infringement claim. In its order denying Teetex's request for an extension of the discovery deadline, the Court detailed Teetex's failure to diligently prepare and propound discovery. (*See* Dkt. No. 63.) When it was time for Teetex to oppose the Zhu Defendants' motion for summary judgment, Teetex offered almost no evidence to support its claim. Teetex submitted a single declaration from Mr. Chen; it did not hire an expert or submit evidence of damages. In granting summary judgment in favor of the Zhu Defendants, the Court found that six of eight *Sleekcraft* factors favored the Zhu Defendants and for several factors, the Court noted Teetex offered no evidence at all. (*See* MSJ Order at 5-7.)

Teetex's arguments to avoid liability for fees are unconvincing. First, Teetex confusingly argues that the Zhu Defendants—not Teetex—should have disclosed the identities of Teetex's confused customers. This argument makes no sense. It was plainly Teetex's burden to disclose

5

the identities of the customers. Teetex next attempts to refute the Zhu Defendants' argument that it failed to adequately investigate its claims. Teetex contends that it investigated its trademark infringement claim by communicating with Chinese suppliers to see if Zeetex placed similar orders with the suppliers. (Chen Decl. ¶ 8.) This is not an adequate pre-suit investigation, and it suggests that Teetex never contacted its customers, buyers, or the individuals it spoke to in 2018 to determine if confusion existed prior to filing this lawsuit or at any point during the lawsuit.[2]

Thus, the record establishes that Teetex never advanced factual support for its position that Zeetex infringed on its mark. Teetex brought this lawsuit and continue to assert that evidence of the infringement existed. However, Teetex never provided evidence to support its claim, and instead sought to delay discovery and extend the litigation. Under these circumstances, Teetex's failure to develop evidence to support its infringement claim stands out from other cases and makes this case exceptional. An award of fees is appropriate under Section 1117(a) on this basis.

The Zhu Defendants also contend that Teetex litigated the case in bad faith, which warrants an imposition of fees under Section 1117(a). The Zhu Defendants contend that Teetex conducted this litigation in bad faith because it knowingly made false allegations in the pleadings and provided evasive and false discovery responses. Although the record shows the Zhu Defendants provided inaccurate discovery responses and engaged in evasive discovery tactics, the Court cannot conclude on this record that Teetex's litigation conduct amounted to "egregious behavior."

However, as discussed above, the Court finds that Teetex's failure to adduce evidence and its conduct during discovery demonstrates this case is exceptional due to the substantive weakness

---

[2] The authorities Teetex cites are distinguishable. Two of the cases pre-date *Octane Fitness* and apply an outdated standard to the determination of attorneys' fees under the Lanham Act. *See Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1152 (C.D. Cal. 2010) (finding the exceptional case requirement can be met "when the non-prevailing party's case is groundless, unreasonably, vexatious or pursued in bad faith."); *Concrete Washout Sys. Inc. v. Minegar Env't Sys. Inc.*, No. CIV. S-04-1005 WBS DAD, 2005 WL 8176632, at *1 (E.D. Cal. 2005) (same). In *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-cv-2472-AJB-KSC, 2019 WL 1429588 (S.D. Cal. Mar. 29, 2019), the plaintiff presented evidence that, although insufficient to withstand the defendant's summary judgment motion, was not completely lacking in merit. That is not the case here.

of Teetex's claims.  The Court GRANTS the Zhu Defendants' request for fees under the Lanham Act on this basis.

**B.     The Zhu Defendants are Entitled to Attorneys' Fees Under 18 U.S.C. § 1836 and Cal. Civ. Code § 3426.4.**

The Zhu Defendants also seek attorneys' fees under the DTSA and CUTSA.  Both the DTSA and CUTSA provide independent authority for a court to award attorney's fees to the "prevailing party" if a claim of trade secret misappropriation is made in "bad faith."  *See* 18 U.S.C. § 1836(b)(3)(D); Cal. Civ. Code § 3426.4.

Neither the DTSA nor the CUTSA define "bad faith."  However, "courts have developed a two-prong standard to determine whether a claim for trade secret misappropriation was made in bad faith: (1) objective speciousness of the claim, and (2) subjective bad faith in bringing or maintaining the action, *i.e.*, for an improper purpose."  *Cherokee Chem. Co. v. Frazier*, No. CV 20-1757-MWF (ASX), 2022 WL 2036305, at *3 (C.D. Cal. Apr. 27, 2022) (citing *FLIR Sys., Inc. v. Parrish*, 174 Cal.App.4th 1270, 1275 (2009)); *see also Founder Starcoin, Inc. v. Launch Labs, Inc.*, No. 18-cv-972 JLS (MDD), 2018 WL 3343790, at *4 (S.D. Cal. July 9, 2018) (noting that courts apply to California trade secret law to federal DTSA cases because the definitions under the statutes are virtually the same).

"Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim."  *Cherokee Chem Co.*, 2022 WL 2036305, at *3 (internal citations and quotation marks omitted).  "This analysis is appropriate even for cases that are dismissed prior to trial and prior to the completion of discovery."  *Id.*  "An award for attorney's fees should not be precluded simply because at the time of filing the action, it appeared that some evidence would be obtained during discovery to support a misappropriation claim."  *Id.*

"'[S]ubjective bad faith may be inferred when a party brings or maintains an objectively specious claim.'"  *Id.* at *5 (quoting *Gemini Aluminum Corp. v. California Custom Shapes, Inc.*, 95 Cal.App.4th 1249, 1262 (2002).  "A subjective state of mind will rarely be susceptible of direct proof; usually the trial court will be required to infer it from circumstantial evidence."  *Id.*

7

1   Teetex contends that attorneys' fees are not warranted under the CUTSA or DTSA because although the Court dismissed the claims as time barred, they were otherwise valid and not brought in bad faith.[3] (*See* Dkt. No. 39.)  The Court disagrees.

Teetex alleged that it owned "certain confidential information that includes, but is not limited to…profit sheets; pricing/mark-up percentages; customer lists; factory lists; information relating to customers' specific needs or past purchasing tendencies, and key contact identities; information relating to factory's manufacture capability and past pricing tendencies, and key contact identities; negotiated prices charged to customers for specific products or programs; negotiated prices quoted from factories for specific products or programs; existing and future pipelines of products or programs; and other trade secrets." (*See* FAC ¶ 61.)  However, vague, general allegations about purportedly confidential information such as these are insufficient to use when identifying trade secrets.  *Cherokee Chem. Co. v. Frazier*, No. CV 20-1757-MWF (ASX), 2022 WL 2036305, at *4 (C.D. Cal. Apr. 27, 2022) (finding references to alleged trade secrets as "formularies," "customer lists," and "costs" labels were insufficient).  Moreover, the record shows that much of the allegedly confidential information, including the names of suppliers and factories, was publicly available through customs import data.  (*See* Dkt. No. 25.)  Teetex never meaningfully refuted this evidence and does not respond to this point in its opposition.  The Court concludes that Teetex's allegations of trade secret misappropriation were objectively specious.

Additionally, the Court can reasonably infer subjective bad faith from the record in the case.  Teetex filed this lawsuit alleging claims based on the "nominal" membership theory already rejected in the Related Case.  Further, as discussed above, Teetex evaded its discovery obligations, provided inaccurate discovery responses, and failed to diligently pursue discovery to support its claims.  From these facts, the Court can reasonably infer subjective bad faith.

Having concluded that Teetex's trade secret misappropriation claims against the Zhu

---

[3] No one disputes that the Zhu Defendants are the prevailing party under the DTSA and CUTSA. *See* 10 C.A. Wright & A. Miller, *Federal Practice and Procedure Civil* § 2667 Award of Costs to the Prevailing Party (Apr. 2021); *see also Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009) (conferring "prevailing party" status on defendants after plaintiffs voluntarily dismissed its claims with prejudice).

Defendants were objectively specious and brought in bad faith, the Court concludes that the Zhu Defendants are entitled to reasonable attorneys' fees for Teetex's trade secret claims under the CUTSA and DTSA.

In light of the foregoing conclusions, the Court need not rely on its inherent powers to award fees and will not address the parties' arguments on that point.

### C. Reasonableness of Attorneys' Fees.

Once a prevailing party establishes its right to recover fees, the district court must determine whether the amount requested is reasonable. *See* 15 U.S.C. § 1117(a); 18 U.S.C. § 1836(b)(3); Cal. Civ. Code § 3426.4.

Counsel for the Zhu Defendants requests an award of its full fees and submits a declaration in support of the requested amount of $99,942.53. (*See* Dkt. No. 74-1, Declaration of Brian Irion iso Motion for Attorneys' Fees ("Irion Decl.") ¶ 11.) Teetex did not object to the reasonableness of the hours worked or the hourly rates. Thus, Teetex has waived any challenges to the amount of the fee award. However, the Court must still independently assess whether the amount requested is reasonable.

The Court first examines whether counsel's billing rates are reasonable. The reasonable hourly rate is calculated "according to the prevailing market rates in the relevant community" and should be "in line with [the rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (internal quotation marks and citation omitted). "[T]he relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The Court can "consider the fees awarded by other judges in the same locality in similar cases" when assessing the reasonableness of the hourly rates. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("The district court's function is to award fees that reflect economic conditions in the district[.]").

Counsel for the Zhu Defendants, Mr. Irion, has over three decades of litigation experience and has tried cases in various areas of law. (Irion Decl. ¶¶ 3-4.) Mr. Irion charged the Zhu Defendants at the rate of $400 per hour. (*Id.* ¶ 7.) Mr. Irion was the sole attorney working on this

9

matter, and he had assistance from two paralegals who charged at the rate of $125 per hour and $175 per hour. (*Id.*)

The current requested hourly rate of $400 per hour is in line with the prevailing rates in the Northern District of California for attorneys with similar knowledge and experience. *See Tbear v. Forman*, No. 17-cv-00796-JSC, 2021 WL 5973055, at *1 (N.D. Cal. Nov. 1, 2021) (finding $600-$675 reasonable for partners); *see Chen v. Chase Bank USA, N.A.*, No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) ($475 to $750 for attorneys); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at *15-16 (N.D. Cal. Mar. 31, 2020) ($675 to $800 for principals); *Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *11-12 (N.D. Cal. Feb. 5, 2020) ($475 to $825 for partners); *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342, at *12 (N.D. Cal. Oct. 11, 2017) ($520 to $950 for partners); *Dropbox, Inc. v. Thru Inc.*, No. 15-cv-01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. Mar. 8, 2017) ($900 for senior partners). Additionally, the Zhu Defendants have already paid counsel for the requested fees, which is evidence of their reasonableness. *See Dropbox, Inc.*, 2017 WL 914273, at *6. The Court concludes the requested hourly rates are reasonable.

Next, the Court examines the number of hours billed. The party requesting fees bears the burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 945-46 (9th Cir. 2007). "It is not sufficient for prevailing counsel to opine that all of the time claimed was usefully spent, and the district court should not uncritically accept counsel's representations concerning the time expended." *Jordan v. Multnomah Cnty.,* 815 F.2d 1258, 1263 n. 8 (9th Cir. 1987). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433. Even if the opposing party has not objected to the time billed, the district court "may not uncritically accept a fee request" but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case. *Common Cause v. Jones,* 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2001) (citing *Sealy, Inc. v. Easy*

10

*Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir. 1984)); *see also McGrath v. County of Nevada,* 67 F.3d 248, 254 n. 5 (9th Cir. 1995) (noting that court may not adopt prevailing party's representations without conducting an independent review of the fee application). Thus, the court should only award fees based on "the number of hours reasonably expended on the litigation" and should exclude "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 433-34. "There is no precise rule or formula for making these determinations[,]" and the court "necessarily has discretion in making this equitable judgment." *Id*. at 436-37.

Mr. Irion attests that the Zhu Defendants incurred attorneys' fees in the amount of $87,647.53 for work on this case through April 30, 2022, representing 221.5 hours of billed time. (Irion Decl. ¶ 8.) Mr. Irion estimates that the Zhu Defendants will incur an additional $9,920 in fees from an additional 24.8 hours of time spent preparing this motion and reply.[4] (*Id*. ¶ 9.) He also attests his paralegals have spent nine hours at a rate of $175 per hour preparing the billing estimates. (*Id*.) He requests an additional $11,2495 in fees for this work. (*Id*. ¶ 10.)

Counsel submitted invoices through April 2022 for his work on the case. The invoices include entries documenting the tasks completed and the hours spent on the tasks. (*See id*., Ex. A.) After reviewing the records, the Court finds it unnecessary to make deductions based on excessive or duplicative billing for the fees incurred through April 30, 2022.

However, counsel has not provided billing records for the hours worked on this case after that time and did not submit any supplemental records in his reply documenting the hours worked on this motion and his reply brief. He also has not provided records documenting the hours worked and tasks completed by the paralegals. Thus, the Court cannot assess the reasonableness of the hours worked on these tasks and finds it appropriate to exclude these hours. Accordingly, the Court declines to award the additional $11,495.00 in fees for counsel and his paralegal's time spent on this motion. Accordingly, the Court GRANTS, IN PART, and DENIES, IN PART, the

---

[4] There is a discrepancy in the hours worked on the motion for fees. Mr. Irion attests that he spent 19.8 hours incurring fees in the amount of $7,290.00 for this motion. (Irion Decl. ¶ 9.) However, he later claims that he spent 21.8 hours, incurring fees in the amount of $9,495.00. (*Id*. ¶ 10; *see also id*., Ex. A at 8.) Counsel has not provided invoices or other records documenting the tasks completed, so the Court cannot ascertain which number is accurate.

Zhu Defendants' request for fees and awards fees in the amount of $87,647.53.

Finally, the Zhu Defendants request that Mr. Chen and his wife, Ms. Li, be held jointly and severally responsible for the fees because they "are the persons behind this lawsuit." (Mot. at 12.) The Court finds the Zhu Defendants have failed to offer sufficient argument or authority to support this contention and thus, denies the request.

## CONCLUSION

The Court GRANTS, IN PART, and DENIES, IN PART, the Zhu Defendants motion and awards fees in the amount of $87,647.53.

**IT IS SO ORDERED.**

Dated: July 5, 2022

_____
JEFFREY S. WHITE
United States District Judge