United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TEETEX LLC,

Plaintiff,

v.

ZEETEX, LLC, et al.,

Defendants.

Case No. 20-cv-07092-JSW

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT STA**

Re: Dkt. No. 84

Now before the Court for consideration is the motion for alternative service on Defendant Shanghai Tianan Textile Co., Ltd. ("STA") filed by Plaintiff Teetex LLC ("Plaintiff"). The Court has reviewed Plaintiff's motion, and it finds this matter suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for October 21, 2022. For the following reasons, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff filed this action against STA, Jiajie Zhu ("Zhu"), and Zeetex, LLC ("Zeetex") on October 13, 2020. (Dkt. No. 1.) Plaintiff originally asserted claims for breach of fiduciary duty, trademark infringement, trade secret misappropriation, and violations of the UCL. Plaintiff amended its complaint and did not re-allege the fiduciary duty claims or the UCL claims. (Dkt. No. 24.) Plaintiff sought leave to amend the complaint after the Court granted, in part, and denied, in part, the Zhu Defendants' motion to dismiss. Plaintiff filed a second amended complaint, which asserts a breach of contract claim against STA. (Dkt. No. 55.) The SAC also alleges a trademark infringement claim against the Zhu Defendants and a UCL claim against all Defendants. (*Id.*) On

[1] No opposition or reply was submitted.

April 22, 2022, the Court granted the Zhu Defendants' motion for summary judgment. (Dkt. No. 72.) In that Order, the Court directed Plaintiff to update the Court on its efforts to serve STA, who remained unserved. (*Id.*)

Plaintiff notified the Court that it had retained a process server to serve STA in China. (*See* Dkt. No. 76.) The process server sent the required documents to the Central Authority in China on December 7, 2021, and advised that service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") could take between six to twelve months. (*Id.*) Since that time, the process server has sent three letters to the Chinese Central Authority but has not received any response regarding the status of service on STA. (*Id.*)

Plaintiff now seeks an order authorizing alternative service on STA. Plaintiff asserts alternate service is necessary because it has been unsuccessful in its efforts to serve STA under the Hague Service Convention. Plaintiff requests an order allowing service upon STA by electronic service via email upon Zhu, who is STA's general manager, and Zhu's attorney of record, Brian Irion ("Irion").

**ANALYSIS**

**A. Applicable Legal Standard.**

Federal Rule of Civil Procedure 4(f) governs service of process outside the United States. Rule 4(f)(3) provides that an individual may be served in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). Court-ordered "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (internal citations omitted). Courts may direct service when "the particularities and necessities of a given case require alternate service of process." *Id.* at 1016. However, any method of service ordered by the Court must comport with due process, meaning that it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to respond to present their objections."

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *see also Rio Properties,* 284 F.3d at 1016. Thus, the Court must determine first whether the "particularities and necessities" of this case require alternative service; second, whether the proposed form of service is prohibited by international agreement; and third, whether service on STA's general manager and counsel for its general manager in the United States comports with due process requirements. *See Rio Props.,* 284 F.3d at 1014-18; *Brown v. China Integrated Energy, Inc.,* No. 11–2559 MMM (PLAx), 2012 WL 2913537, at *1-4 (C.D. Cal. July 17, 2012).

**B. The Particularities and Necessities of this Case Favor Alternative Service.**

Plaintiff asserts that alternative service on STA is necessary in this case because Plaintiff has been unable to serve STA under the Hague Convention despite Plaintiff's diligent efforts. Because "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief,'" Plaintiff need not prove that other methods of service have been impossible or unduly burdensome before requesting the Court authorize an alternative method. *Rio Properties*, 284 F.3d at 1015.

Plaintiff first attempted to serve STA under the Hague Convention in December 2021. Since that time, Plaintiff's process server has inquired with the Chinese Central Authority on three occasions regarding the status of service on STA and has received no response. The Court finds the circumstances presented by Plaintiff demonstrate that alternative service is warranted in this case.

**C. The Proposed Method of Service is Not Prohibited by International Agreement.**

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" requested is not prohibited by international agreement. *Rio Properties*, 284 F.3d at 1014.

The Hague Convention, to which the United States and China are both signatories, applies in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. *See* Hague Convention, Art. I. Here, Plaintiff seeks to serve STA by electronically serving Zhu, STA's general manager, via email. Zhu resides in China. (*See* SAC ¶ 8.) Accordingly, the email service on Zhu requires the transmittal of documents for service abroad, and the Hague Convention applies.

The Hague Convention does not expressly address service by email, and China has not

specifically objected to service by email. Thus, several courts have allowed email service under Rule 4(f) in China. *See, e.g., Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, Case No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) (finding that China's Article 10 objection does not include email and allowing email service under Federal Rule of Civil Procedure 4(f) because it is not "prohibited by international agreement"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, Case No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority [in the Northern District of California], the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement' " under Federal Rule 4(f).)

Furthermore, the Hague Convention provides for certain exceptions to the methods of service set forth in the Convention. Relevant here, if a plaintiff attempts to serve a foreign defendant through a central authority and the central authority fails to provide a certificate of service within six months, the presiding judge "may direct a special method of service." *See* Notes of Advisory Committee on 1993 Amendment to Federal Rule of Civil Procedure 4, subdivision (f)(3). More than six months have passed since Plaintiff attempted service on STA, and Plaintiff has yet to receive a certificate of service or a response from the Chinese central authority. Accordingly, under these circumstances, Plaintiff's requested method of alternative service is not prohibited by international agreement.

Plaintiff also seeks to serve STA by serving Zhu's attorney, Brian Irion, via email. Irion's office is in California, so service can be made domestically. Thus, the method of service does not require transmittal of documents for service abroad, and the Hague Convention does not apply. *See Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG JCGX, 2012 WL 5992134, at *3 (C.D. Cal. Nov. 30, 2012) (collecting cases).

The Court finds that service by email on Zhu and Irion is not prohibited by international agreement.

**D. The Proposed Method of Service Comports with Due Process.**

The method of service authorized by the Court "must also comport with constitutional notions of due process." *Rio Properties*, 284 F.3d at 1016. To meet this requirement, the methods

United States District Court
Northern District of California

of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016-17 (internal citation and quotation marks omitted). The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion of the district court." *Brockmeyer*, 383 F.3d at 805.

Plaintiff contends that electronic service upon STA by emailing Defendant Zhu is reasonably calculated to apprise STA of this action. because Zhu is the general manager of STA. Zhu is the general manager of STA, and Plaintiff attests that he has previously communicated with Zhu via email at both his personal and STA email account. (*See* Dkt. No. 84-1, Declaration of Tony Chen ¶ 4.) Thus, the Court finds that the proposed method of service is reasonably calculated, under the circumstances, to apprise STA of the pendency of the action and afford it an opportunity to respond to present its objections. *Wang v. Ehang Holdings Ltd.*, No. 20-cv-00569-BLF, 2020 WL 11891323, at *5 (N.D. Cal. June 29, 2020) ("The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected.") (quoting *Mullane*, 339 U.S. at 315).

Plaintiff also contends that email service on Zhu's attorney, Irion, is reasonably calculated to apprise STA of the action. STA almost certainly already has actual notice of this action given Zhu's affiliation with STA. Because Zhu is a party to this action and Irion has represented Zhu in this case, the Court is reasonably confident that service on Irion is reasonably calculated to apprise STA of the pendency of this action and give it an opportunity to respond.

For these reasons, the Court concludes that service of STA through service on Zhu and Zhu's attorney comports with constitutional notions of due process and is appropriate under these circumstances.

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to effect alternative service on STA. Plaintiff must serve STA by alternative service via email to Defendant Jiajie Zhu at martinzhu@shanghaitianan.com and zhujiajie1984@gmail.com and to Zhu's attorney, Brian Irion at birion@thedesq.com within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 7, 2022

JEFFREY S. WHITE
United States District Judge